**St. Clair v. Beggs**

_Richard J. Green, Jr.,_ for plaintiffs.
_John J. Dirienzo, Jr.,_ for defendant.

COFFROTH, _P.J.,_ February 25, 1985—

## MEMORANDUM OPINION

The issues in this case can be stated in the following

## QUESTIONS INVOLVED

1. Where a metal pole for holding and displaying a commercial sign, electrically lighted by permanently installed underground wiring, in front of a commercial building, is bolted to a small concrete base in the ground, and is removable therefrom without material harm to the property and the party placing said pole is a former owner who did not remove it when he sold the property, is the pole a fixture which passes to a purchaser of the property absent contrary agreement?

Answer: Yes.

2. Where the pole and sign have been continuously used in connection with the operation of the business conducted in said property, are they retained by the seller under the following provision of the contract of sale of the property:

"9. Such gas and electric fixtures and heating and plumbing systems now on said premises and which are the property of the sellers are included in this sale. However, all equipment and fixtures associated with the operation of Beggs Tire Center are specifically excluded from this sale."

Answer: Yes.

## DISCUSSION

From the evidence presented at the trial, we make the following findings and conclusions.

1. The sign pole is a fixture because it is property which is normally thought of as a permanent addition to a commercial property, notwithstanding it is removable without material injury to any land or structure, and because the person erecting the pole so intended it.

The relevant fundamentals of fixture law are summarized in Garman v. Conemaugh Township School District et al. 42 Somerset L.J. 342, 350-352, 29 D.&C.3d 478, 487-489 (1984), as follows:

(1) "A fixture is an article of personal property which, because of its physical annexation to the soil or appurtenance thereto, or because of its essential use in a specific business, has become part of the real estate, in legal contemplation." PLE, Fixtures §1. "Fixtures are articles which were personalty but which by being annexed to realty are regarded as a part thereof." CJS, Fixtures §1, at 587. "The term 'fixture' is applied to articles of the nature of personal property which have been affixed to land and which retain their separate identity." Id., at 588.

(2) "Whether or not equipment, furnishings, and other similar property are to be regarded as separate personal property or as part and parcel of the real estate . . . depends upon whether or not under all

the circumstances such property can properly be said to have been incorporated into the freehold by the one installing it or placing it upon the premises." Summary of Pennsylvania Jurisprudence. Real Property II §264. "What constitutes a fixture depends upon the facts and circumstances of the particular case, including the relationship of the parties, and is determined by the united application of the requisites, annexation, adaption, and intention." CJS, Fixtures §1 page 587.

(3) ". . . [W]hether articles are fixtures depends on the nature and character of the act by which they have been put in place, the policy of the law and the intentions of the parties." PLE, Fixtures §1, page 329. "In determining whether or not property should be regarded as incorporated into the freehold when it has been placed upon the land, consideration must be given to: (1) the intention of the one who placed the article on the land; (2) the character of the article as related to the use to which the land is devoted; and (3) the nature or mode of the annexation." Summary of Pennsylvania Jurisprudence supra §264. Accord: CJS, supra, §1, at 591.

(4) The general rules of fixture incorporation are these:

"§265. Application where property cannot be severed from realty without structural damage —General Rule.

"Where chattels are so physically annexed to the land that they cannot be removed without material injury to the land or to some structure therein, they are necessarily deemed to be incorporated into the realty. Under these circumstances, the chattels become part of the land without regard to any other additional circumstance, the law applying the maxim that whatever is annexed to the soil becomes a part thereof."

"§267. Application where property is removable without structural damage. — Nonindustrial buildings.

"Whether or not articles such as gas or electric stoves, hot-water heaters, oil burners, or electric lighting fixtures which are placed in a nonindustrial building and are removable without damage to the building are to be regarded as part of the real estate depends upon the intent with which such articles were placed on the premises gathered in the light of all the surrounding circumstances.

"If the person so placing such articles in the building intended them as permanent improvements to. the property, they become part of the real estate notwithstanding the fact that they are susceptible of being removed without substantial injury to the physical structure of the building. In this connection, prima facie an owner of the property is deemed to intend property placed there which is normally thought of as a permanent addition to the building as a part thereof." Summary of Pennsylvania Jurisprudence, supra, §§265 and 267.

On the importance of the character of the building, see Rotell v. PennDot, 53 D.&C.2d 46 (1971). The doctrine of "trade fixtures" is applicable between landlord and tenant, not vendor and purchaser. See PLE, Fixtures §2 and cases cited at notes 34 and 35. As to industrial plant doctrine, see Merrill v. Penn Pocahontas, 43 Somerset L.J. 192 (1984).

2. The pole and sign are "equipment and fixtures associated with the operation of Beggs Tire Center [the business conducted in the property by defendant]," and are, therefore, "specifically excluded" from the sale of the property by defendant to plaintiffs under paragraph 9 of the contract of sale and, therefore, are the property of defendant. See PLE, Fixtures §3.

In this connection, we note plaintiffs' testimony concerning paragraph 9 of the contract, as follows:

"Q. You saw that paragraph 9, did you not?

"A. Yes.

"Q. You read that?

"A. Yes.

"Q. It talked about not including in the sale equipment and fixtures associated with the operation of Beggs Tire Center?

"A. Yes. To me a permanent pole was not a fixture.

"Q. It was not a fixture?

"A. It was not a piece of equipment. It is not a fixture.

"Q. That's your interpretation.

"A. The signs are a fixture.

"Q. The signs are a fixture?

"A. But not the permanent pole. Whenever we had talked about that — Mr. Beggs had taken us through the complex and showed us everything, he was referring to his equipment inside, like the tire changers and the counter and stuff like that, and the air controls and that as far as equipment.

"Q. You're saying that's what you understood?

"A. That's what we had understood. We had never talked about the pole. That never came up in the course of the conversation."

This is a curious bit of reasoning because plaintiffs can hope to succeed in this case only if the pole is a fixture which passed to him with the realty, either by operation of law or under the first sentence of paragraph 9; if the testimony is correct that it is not a fixture, plaintiffs necessarily lose the case.

Unfortunately for plaintiffs, they also lose the case if the pole is a fixture "associated with the operation of Beggs Tire Center" under the second sentence of paragraph 9, as it clearly was.

Nor can we accept plaintiffs' thesis that paragraph 9 refers only to business fixtures and equipment in the building itself; there is no ambiguity in the agreement, and if there were, opening the door to oral explanation, no such explanation was given which would alter the conclusion; indeed plaintiffs stated that the particular matter at issue here was never discussed by the parties until the present controversy arose long after the contract was made. Accordingly, "fixtures" being a legal term having a somewhat technical meaning, we are required to construe it in its proper legal sense, absent evidence manifesting a contrary intent. Fischer & Porter Company v. Porter, 364 Pa. 495, 72 A.2d 98 (1950); CJS, Contracts §302(1) at note 24. The fact that plaintiffs privately or subjectively gave a special meaning to the words of the contract, without objective manifestation therein or in other competent evidence, is immaterial and cannot bind defendant. Compare: Emmons v. McCreery, 307 Pa. 62, 67 (1932); Spatz v. Nascone, 283 Pa. Super. 517, 424 A.2d 929 (1981) at note 9. As stated in Brown v. Shockey, 28 Somerset L.J. 288, 295 (1973):

"The making of a contract is an exercise in communication, so that we are looking only for observable facts and expressions of an objective character." Accord: Celley v. Mutual Benefit Health & Accident Association, 229 Pa. Super. 475, 483-484, 324 A.2d 430 (1974), headnote 12.*

## NONJURY DECISION

Now, February 25, 1985, the verdict is for defendant against plaintiffs, costs on plaintiffs.

---

* Moreover, this contract appears to have been professionally prepared.